Fourth Appellate Department, September, 1899. Reported. 43 App. Div. 623.

In the Matter of the Application of J. FRANK ANTISDALE, Appellant, for the Revocation and Cancellation of the Liquor Tax Certificate of CHARLES M. RIFENBURGH, Respondent.

APPEAL from an order granted denying appellant's application for revocation and cancellation of liquor tax certificate.

F. E. Converse, attorney for appellant.

Respondent's right to receive and county treasurer's right to issue certificate depends altogether upon statements made in application therefor. No discretion whatever is vested in county treasurer. People ex rel. Belden Club v. Hilliard, 28 App. Div. 140; In re Fall, 26 Misc. 611; In re Bridge v. Morhmann, 25 Misc. 213.

It appeared upon face of respondent's application that the traffic in liquor was to be carried on in connection with business of keeping a hotel and that all the requirements of section 31 had not been complied with at date of application. Suspension of traffic while the hotel was being completed constituted an abandonment of traffic in liquors which deprived the place where such traffic was lawfully carried on March 23, 1896, of its privileged character and the owner's consent should have been filed. People ex rel. Lammerts, 18 Misc. 343, 348; In re Ritchie

v. Samuelly, 18 Misc. 341, 342; In re Bridge, 25 Misc. 213, 215; In re Kessler v. Cashin, 28 Misc. 336; In re Lyman v. Fuhrman, 24 Misc. 92; In re Korndorfer, 49 N. Y. Supp. 559.

A liquor tax certificate is not a contract but a license granted under the police power of the Legislature. In re Bradley v. Hall, 22 Misc. 301. And is property in a limited sense only. In re Livingston v. Shady, 24 App. Div. 51.

*G. S. Tinklepaugh,* attorney for respondent.

The consent of the owner of the premises was given in fact, although not filed. Suspension of active business for about one week under circumstances of this case, does not constitute an abandonment. People ex rel. Bagley v. Hamilton, 21 Misc. 375.

The certificate was lawfully issued pursuant to sec. 11 of the Liquor Tax Law although the buildings were not yet completed and the issuing of the certificate is *prima facie* proof that all requirements have been complied with. In re Purdy, 40 App. Div. 133; Com. Off. Series No. 318, p. 133.

The owner of the certificate can not be deprived of it except for some violation of the law. Matter of Hilliard, 25 App. Div. 224; People v. Durante, 19 App. Div. 292; Niles v. Mathusa, 20 App. Div. 483.

Conformance with the statute with technical strictness, will not be insisted upon, where equity and justice demand that an action of an official be sustained, although there may be a technical irregularity in his action. People ex rel. Leonard v. Hamilton, 42 App. Div. 212. See opinion of Spring, J., Com. Off. Series No. 330, p. 217.

Order affirmed with ten dollars costs and disbursements.

Hardin, P. J., McLennan and Spring, JJ., concurred. Adams and Smith, JJ., dissented.